**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM SPIVEY, on behalf of himself and all others similarly situated, | Civil Action No. 24-cv-781 |
| Plaintiff, | District Judge: Hon. Marvin E. Aspen |
| | Magistrate Judge: Hon. Gabriel A. Fuentes |
| v. | |
| Evig LLC dba Balance of Nature and Dr. Douglas Howard | Class Action Complaint pursuant to the Illinois Consumer Fraud Act: 815 Ill. Comp. Stat. 502/1, *et seq.* |
| Defendants. | |

---

**SECOND AMENDED CLASS ACTION COMPLAINT**

---

Plaintiff WILLIAM SPIVEY brings this action on behalf of himself and all other Illinois consumers similarly situated against Defendants EVIG LLC DBA BALANCE OF NATURE AND DOUGLAS L. HOWARD, "Defendants") and alleges upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief:

**<u>FACTUAL ALLEGATIONS</u>**

***BALANCE OF NATURE***

**SUBSEQUENT TO AND IN RESPONSE TO THE FILING OF THE INITIAL COMPLAINT IN THIS ACTION DEFENDANTS HAVE CHANGED THEIR ADVERTISING AND MARKETING**

1. Shortly after the filing of Plaintiff's initial complaint on January 30, 2024, Defendants have dramatically changed their marketing and advertising of their Balance of Nature fruits and vegetable products.

2. Sometime after the filing of the complaint in this matter Defendants changed the labeling of their Balance of Nature products as well as what is said on their web site, television advertisements and internet YouTube advertisements.

3.      Whereas prior to the filing of the complaint in this matter and at least since March 1, 2021 the overarching express message imparted by Defendants labeling of their Balance of Nature products was that they provided health, energy and material nutritional benefits.

4.      Based upon a view of the front of the labels on Defendants' web site, Defendants have removed the "Real Science, Real Food, Real Nutrition" banners at the top of the label. (Exhibit A, screen shot 5/15/24).

5.      And while some bottle labeling appear to have also removed the misleading and deceptive descriptions of the three blends as "Maintain" "Fend" and "Refresh/Protect" as alleged below with regard to labeling from at least 3/1/21 to the filing of the complaint, Defendants' web site still refers to the blends as "Maintain" "Fend" and "Refresh" which, as alleged below, is false misleading and deceptive. (Exhibit B, screen shot 5/15/24).

6.      Likewise, since the filing of the complaint in this action Defendants have also changed their television and YouTube advertisements as they no longer have spokespersons falsely and misleadingly claiming that Balance of Nature Fruits and Vegetables make them feel healthier, more energetic or the like.

7.      Instead, the advertisements imply health benefits such as:

(a)     A picture of an athletic woman with a national champion medal asserting that she "was able to have more quality time together… even after a full day" (Exhibits C screen shot 5/15/24));

(b)     Or 82 year old Joan G who before she started taking Balance of Nature was told that she looked "terrible" by a fellow worker and that after she and her 85 year old husband started taking Balance of Nature "we're still going!"; (Exhibit D screen shot 5/15/24); or

(c)     Jana W. who notes that she competes in triathlons with her husband and noticed a "huge" difference within months of taking Balance of Nature, recommends Balance of Nature to those she coaches and "As a triathlete, runner, mountain biker and coach for the past 25 years, Jana says she 'would take nothing less than Balance of Nature." (Exhibit E, screen shot 5/15/24).[1]

---

[1] It appears that Defendants have removed all content on YouTube. (Exhibit F, screen shot 5/15/24).

8.      Likewise, Defendants have changed their television commercials in a similar fashion, removing all the express representations that they made before the filing of the complaint in this matter, and instead make similar implied health/energy benefit representations to those they make on their web site.

9.      Whether the above new advertisements and Defendants' new advertising campaign continue Defendants' frauds on consumers by implying the same health and energy claims that Defendants expressly made in their years long advertising blitz prior to the filing of this lawsuit or will be the subject of discovery.

10.     For instance, repeat consumers who continue to buy the Balance of Nature products in the hopes that some benefits will transpire at some point, but did so when the express misrepresentations were made, continue to be misled into believing that by continuing to take the Balance of Nature products they will at some point in time derive the health benefits proclaimed by Defendants when they made their initial purchases.

11.     Discovery will better help to determine whether Defendants' marketing and advertisement blitz over the years created long-lasting impressions in consumers' minds about the purported benefits of the products, whether these impressions remain in consumers' minds notwithstanding Defendants' post complaint filing advertising changes, whether Defendants' current marketing extends the effects of these prior express misrepresentations and whether Defendants' misconduct continues to have an impact on and mislead consumers into purchasing the Fruit and Vegetable products.

12.     In any event, the answers to these questions of fact are pertinent to the temporal scope of the class rather than Defendants' liability and what is clear that Defendants began making the express misrepresentations discussed in further detail below, at least as early as 3/1/2021and

up and until shortly after the filing of this action. [2]

13.     Yet, by materially changing the express representations that they made prior to the filing of this lawsuit after having been accused of misleading consumers is probative evidence of their prior intent to defraud and mislead consumers.[3]

## BACKGROUND FACTS

14.     Since at least 1997, Defendants have marketed purported fruit and vegetable dietary supplement products – Balance of Nature Fruits and Balance of Nature Vegetables - under the Balance of Nature brand name (hereafter referred to as Balance of Nature).[4]

15.     Balance of Nature is currently sold as a combination package – one bottle of the fruits and one bottle of the vegetables. It is not clear and discovery will flesh out whether at some earlier point in time consumers could purchase one or the other products on its own.

16.     Defendants sell these products on their website, and it appears that they are also sold on Amazon.

17.     At some time prior to the filing of this lawsuit Defendants sold their products through brick and mortar stores such as Walmart, Macy's and the like as well as their web site.

18.     But some time prior to the filing of this lawsuit Defendants limited sales to those on Amazon or their web site.[5]

---

[2] As alleged in more detail below, Plaintiff commenced his purchases of Balance of Nature during the time period when these express misrepresentations were made and he relied upon this representation such that he was deceived in some manner into purchasing the Balance of Nature products during a four-month period in the spring of 2021.

[3] With regard to Defendants subsequent advertising changes, Plaintiff has sent Defendants notice of his intention to further amend his complaint to add express and implied breach of warranty counts within a "reasonable time" period sufficient for Defendants to respond.

[4] Defendants also sell a fiber and spice product that is not the subject of this lawsuit at this time.

[5] While some bottles depicted on Amazon reflect Defendants' newer versions, some of the bottle on Amazon still make the "real etc." representations discussed herein. Exhibit G, screen shot 5/15/24.

19.     As the bottles appear on the web site or Amazon as well they did on the shelves of brick and mortar stores, a variety of fruits are depicted on the front of the Fruit bottles from oranges to grapefruit, various berries, papaya, pineapple, grapes, bananas, apples and so on.

20.     A variety of vegetables are depicted on the front of the Vegetable bottles from carrots to cabbage, carrots, beets, lettuces, celery, cauliflower and so on.

21.     Early on and as late as 2019, Defendants illegally marketed and sold these products for the treatment, cure, mitigation or prevention of various ailments and diseases ranging from the common cold, pneumonia, diabetes, arthritis, lowering cholesterol, MS, asthma, cancer to covid.

22.     Because Defendants did not obtain approval of these disease claims through the required new drug approval process ("NDA"), on August 20, 2019, the FDA issued a warning letter to defendants noting that Defendants were marketing their products based upon unapproved and illegal disease claims.

23.     The FDA ultimately sued Defendants and recently Defendants entered into a consent decree in which they agreed to, among other things, no longer make diseases claims.

24.     While the foregoing is deep background regarding the lengths to which Defendants were willing to stoop to sell Balance of Nature to unsuspecting consumers, this case is not about Defendants' illegal marketing of their Balance of Nature products as drugs.

25.     Rather, in addition to Defendants' initial illegal marketing of the Balance of Nature Products as drugs, at least as early as March 1, 2021, the exact date to be determined during discovery, Defendants began making false, deceptive or misleading dietary supplement health and well-being claims about the purported effects of taking Balance of Nature.

26.     For example, one of its video advertisements that appeared on its website before the recent changes described above, as well as being run as part of a nationwide blitz of television

ads including Illinois, features the founder of Balance of Nature products, Douglas Howard, who looks into the camera and says "Eating Balance of Nature Fruits and Veggies is not replacing the fruits and vegetables in your diet, it is fruits and vegetables in your diet. Ask yourself, how many servings of fruits and vegetables have I eaten today? Have you eaten 1, 2, 3 and from how many varieties? Most people are less than three. Our body is an amazing chemical laboratory. *And when you give it the right chemistry it functions the best.* Balance of Nature is 31 fruits and vegetables, prepared in a way that gives *you the ultimate whole food fruit and vegetable chemistry*. Let Balance of Nature help you supplement your fruit and vegetable intake *for a lot less money and a lot less work and a much higher quality of life*. See, https://www.youtube.com/watch?v=-B0cytQ4gI8.

27.     In another ad Dr. Howard claims that Balance of Nature "gives your body the chemistry it needs to help your cells run at their optimum." See, https://www.youtube.com/watch?v=bzFKAGw_-D0&feature=youtu.be.

28.     Virtually every statement he makes in these two videos is either false or is an intentional half-truth that deceives consumers into believing that buying and taking the recommended daily dose of the Balance of Nature products will provide them with meaningful nutrition that will help supplement their diet and fill in any nutritional gaps that may arise from not consuming the daily requirements of fruits and vegetables – and Balance of Nature is the "ultimate whole food fruit and vegetable chemistry" that, "for a lot less money" will provide a "higher quality of life."

29.     This advertisement is one of many that prior to the filing of this lawsuit were on Defendants' web site that Defendants have been using to blitz the television airways on a nationwide basis with similar claims for at least the last three years.

30.     The sum and substance of these ads communicated one unitary message - that by taking Balance of Nature Fruits and Vegetables a consumer will feel more energetic and healthier. See, https://www.youtube.com/watch?v=BW5BPVEcaao (Grey haired woman says that Balance of Nature helps her keep an active lifestyle), https://www.youtube.com/watch?v=-scf3DGA7tM (Ruthie – an older woman claims Balance of Nature gives her more energy); https://www.youtube.com/watch?v=dIz2c9sgWEk (60 year old physical trainer who feels like she has the energy level of a 27 year old from taking Balance of Nature), https://www.youtube.com/watch?v=UFkCQyI_kXw (Grey haired grandmother says she wants to stay healthy and claims that taking Balance of Nature makes her feel "great"); https://www.youtube.com/watch?v=dQkDvrJ2uQY (Grey haired man says that he always wanted to take up surfing and Balance of Nature helped him do it, that he plans on surfing till he's 80 and he doesn't think he could do it without Balance of Nature); https://www.youtube.com/watch?v=GFH47tuUnok (76 year old women claims that she always had to take a nap after lunch, she just couldn't keep her eyes open, until she started taking Balance of Nature – "I want to keep living my life with energy and Balance of Nature helps me do that")); https://www.youtube.com/watch?v=qJksR3x4S00 (Husband and wife in their early 40s or so take Balance of Nature because they get more energy from it); https://www.youtube.com/watch?v=93cBiZtAuPw1 (voice over asserts that thousands of nutrients found naturally in whole fruits and vegetables taking 31 of the highest quality fruit and vegetables in Balance of Nature, freeze-dried and encapsulated so that one can get the fruits and vegetables they need).

31.     The foregoing are just a sample of the advertisements that Defendants have, before they made their recent marketing changes, run on their web site and on TV claiming that taking

Balance of Nature will provide one with the energy to become more active and healthier.

32.     Yet, as set forth herein, nothing could be further from the truth.

33.     Balance of Nature is sold on its website for $89.95 for a one-time purchase or at a 22% discount of $69.95 for a one-time member fee of $24.95 and agreement to receive a shipment every 28 days.

34.     And assuming a consumer chose to subscribe at the discounted rate of $69.95 and is seeking to add "real nutrition" to their intake of nutrients and vitamins from a supplement, as set forth below, a daily dose of Balance of Nature Fruits and Veggies would cost $2.33. However, the contribution of this daily dose to one's daily nutritional needs is trivial. As such, the real nutrition representation is, at a minimum, a deceptive half-truth as reasonable consumers would interpret "real nutrition" to mean meaningful nutrition that would meaningfully help one's health.

35.     For instance, a daily dose of Balance of Nature provides a mere 2.747 mg of vitamin C at a cost of $0.85 per mg: the Recommended Dietary Allowance (RDA) is 90mg for men and 75mg women.

36.     By way of comparison, that same consumer could pay $0.09 for a daily dose of Centrum Silver Multivitamin that provides 100 mg of vitamin C at a cost of less than one cent ($0.009) per mg along with numerous other key nutrients in amounts that meet or exceed the daily requirements.[6]

37.     So much for Balance of Nature costing less or, more importantly, filling any gaps in consumers' daily nutritional needs.

---

[6] The vitamin C in Centrum Silver is the same molecule as the vitamin C in the Balance of Nature products. Moreover, Centrum Silver is chosen as a comparator because, for the most part, Balance of Nature is marketed to those over 50. But the math is just as bad if one uses Centrum Adults as a comparator, as a 200 tablet bottle costs 5 cents per tablet and provides 60mg of vitamin C.

38.     And if the comparator for the "costs less" is actual fruit or vegetables, the numbers are no better as an orange has a retail cost of approximately $1 at retail and contains 51mg of vitamin C at a cost of $0.02 per milligram.

39.     As will be seen below, the same math applies to virtually all of the vitamins or nutrients found in a serving of Balance of Nature Fruits and Veggies – not only do they not cost less but the costs of the nutrients per serving in the Balance of Nature products are shockingly excessive.

40.     And the labeling of Balance of Nature is no better on its own as it is equally misleading and deceptive as, at a minimum, until the filing of this lawsuit was replete with misleading and deceptive half-truths.

41.     To start, there is one thing that is abundant in the Balance of Nature Products – out of a combined Fruit and Veggies daily 4 g dose of "Blends" – 1.5 g is sugar.[7]

42.     So almost 40% of the Balance of Nature products are comprised of sugar or to put it in terms of cost – consumers are paying $0.93 for 1.5 g of sugar – the single largest component of the Balance of Nature products by multiples of multiples – when sugar at retail costs approximately $0.02 per gram.[8]

43.     So consumers are paying over close to 70 cents per gram for the sugar in Balance of Nature or almost 35 times the retail cost of sugar for what comprises the single largest component in and almost 40% of the Balance of Nature products.

---

[7] The levels of nutrition set forth in this complaint are nowhere to be found in any of the information provided by Defendants either on the products labeling, on its website or in Defendants' advertising of the Balance of Nature Products.

[8] A four-pound bag of sugar costs $0.81 per pound at Walmart. https://www.walmart.com/ip/Great-Value-Pure-Granulated-Sugar-4-lb/10315162. There are 453.592 grams of sugar in a pound at a cost of approximately 0.00178 cents per gram of sugar – rounded out that's 2 cent per gram.

44.     The failure to disclose these facts – that consumers are grossly overpaying for a product that is almost 40% sugar is, in itself, a material concealment as it not only conceals the price gouging committed by Defendants, but it is also a material concealment about the fact that almost 40% the Balance of Nature products are predominantly vacant calories provided by sugar that provide no perceptible energy boost.

45.     And just as the ads for Balance of Nature are false deceptive and misleading for those viewing them either on TV or on Defendants' website, those who may have bought Balance of Nature at brick and mortar stores or on the web such as at Amazon.com or Defendants' web site would have done so based upon the labeling claims that are just as misleading and deceptive.[9]

46.     As alleged above, until recently, and at least as early as 3/01/21[10], during a time period when Plaintiff bought his Balance of Nature products, on the top front of the Balance of Nature labels was a prominent banner with the following "Real Food – Real Science – Real Nutrition."

---

[9] Plaintiff's counsels' investigation has yet to confirm whether at least at some point during the class period, Balance of Nature was sold at brick and mortar stores as well as at Defendants' web site and Amazon. Discovery will flesh this out.
[10] Exhibit G is a copy of Defendants' Balance of Nature products on 3/1/23 retrieved by using the Wayback Machine.





47.     And as discussed in further detail below, Defendants also used false and misleading descriptors of the three "blends" purportedly contained in both the Fruits and Vegetable products – describing them as "Maintain" "Fend" and "Refresh" blends furthering Defendants' overarching theme that these products provided real health benefits and as well as energy benefits.

48.     As set forth below, each of these claims is misleading and deceptive when read in the context in which they are made.

## DEFENDANTS' LABELING CLAIMS OF "REAL NUTRITION"
## ARE MISLEADING AND DECEPTIVE[11]

49.     The banner headline at the top of each label "real nutrition" is, at a minimum, a half-truth calculated to deceive consumers, as the amount of "real nutrition" in a combined daily dose of Balance of Nature Fruits and Veggies is so small as to be trivial and meaningless.[12]

50.     The "real nutrition" banner on the front of each label imparts a concrete message to the reasonable consumer - that by taking Balance of Nature they will obtain meaningful nutrition that will meaningfully supplement whatever shortfalls they may have in their daily intakes of fruits and vegetables and contribute to their overall health.

51.     Again, nothing could be further from the truth.

52.     For instance, the RDA for fiber is 38g for men and 25g for women 19-50 years of age respectively, and then 30 and 21 grams beyond 50. In accordance with the RDAs, the Daily Value is 28 grams, however the daily intake is around 15 grams, for an average daily shortfall of 10-13 grams.

53.     Yet, Balance of Nature Veggies contains 0.5 grams of fiber and Balance of Nature Fruits contains 0.3 grams of fiber for a combined grand total of 0.8 grams of fiber in the recommended daily dose.

54.     Thus, a daily dose of the combined fruit and veggies Balance of Nature products – which costs $69.95 for a thirty (30) day supply - or $2.33 per day – supplies less than one gram of fiber – hardly "real nutrition" when the Daily Value is 28 grams and the shortfall on average is 10

---

[11] The following discussion of Defendants' labeling pertains to the Balance of Nature labeling that was in existence at the time of the filing of this lawsuit. Thus, if present tense is used it is still meant to refer to the time when this labeling was employed by Defendants to market their Balance of Nature products.

[12] It appears that, at some point in time Defendants may have sold Balance of Nature Fruits and Balance of Nature Veggies, as separate products with the same banners at the top of the labels "Real Food" "Real Science" and "Real Nutrition" and that at some point began selling them as a package. Whatever deception committed by the Defendants in connection with the sale of the combined product is that much worse when, for example, the claim "real nutrition" is applied to either the Fruit or Veggie products alone.

grams per day.

55.     Moreover, as noted above, Defendants market Balance of Nature as helping to fill in the gap between what our daily requirements are and what we eat for a variety of vitamins as well as fiber.

56.     Providing less that one gram of fiber when our average daily shortfall is 10 grams is hardly "real nutrition" and does not provide any meaningful supplementation to fill in the gap – particularly when one considers that a daily dose of Balance of Nature Fruits and Veggies costs $2.33 per day.

57.     For instance, if one tried to fill the 10 grams gap in meeting their daily requirements of fiber solely from taking Balance of Nature Fruits and Veggies, it would cost them close to $24 per day.

58.     An apple – which on average costs $1.00 - provides 4.4 grams of fiber but to gain that amount of fiber from Balance of Nature would cost almost ten times more at a little more than 10 dollars.

59.     Or if one wants to go the route of a supplement, by way of comparison, one dose of a Metamucil fiber gummies contains 5 grams of fiber per serving at a cost of 21 cents per day – while the same amount of fiber from Balance of Nature would cost $14.02 per day – or 67 times more than what a simple 5 gram fiber gummy would cost. See, https://www.amazon.com/Metamucil-Supplement-Gummies-Orange-Prebiotic/dp/B0BDP24LP4/ref=asc_df_B0BDP24LP4/?tag=hyprod-20&linkCode=df0&hvadid=666700525438&hvpos=&hvnetw=g&hvrand=7730559578569847229&hvpone=&hvptwo=&hvqmt=&hvdev=c&hvdvcmdl=&hvlocint=&hvlocphy=9017352&hvtargid=pla-1947072558631&psc=1&mcid=14cbbd3b144439ba8b950d9622abee76.

14

60.     And the same is true for the other vitamins and nutrients found in the Balance of Nature Fruit and Veggie products.

61.     For instance, Balance of Nature Fruits provides 1.88 mg of vitamin C and Balance of Nature Veggies provides 0.867 mg of vitamin C for a combined total of 2.747 mg of vitamin from a daily dose that costs $2.33.

62.     The RDA for vitamin C for women is 75 mg and 90 mg for men and the Daily Value is 90mg.

63.     Thus, if the objective is to fill in the gap between consumers' intake and the daily requirement, an additional 2.747 mg of vitamin C does not and cannot constitute as providing a meaningful contribution and thus with regard to vitamin C, the combined daily dose of Balance of Nature Fruit and Veggies does not constitute "real nutrition" from a reasonable consumer's viewpoint.

64.     For example, a $2.33 daily dose of combined fruits and veggies provides a mere 4.6% of the daily requirement standards for vitamin C when for $.09 per day a Centrum Silver 50+ provides 67% of the daily requirement and to get the same amount of vitamin C from the Balance of Nature product would cost upwards of $36.00.

65.     And the same is true for all of the key vitamins as a $2.33 daily dose of the Balance of Nature products provide 0.4% of the daily requirement of vitamin B2 and 0.2% vitamin B3 whereas a Centrum Silver provides 131% of the daily requirement of B2 and 125% of the vitamin B3.

66.     In sum, a daily dose of the Balance of Nature products provides minimal to trivial amounts of key nutrients all at an exorbitant cost:

Vitamin C – 4.6% of the daily requirement (Centrum Silver provides 67%)

Potassium – 1.7% of the daily requirement (Centrum Silver – 2%)

Calcium – 1.6% of the daily requirement (Centrum Silver – 17%)

Vitamin B 2 – 0.4% (Centrum Silver 131%)

Vitamin B 3- 0.2% (Centrum Silver 125%)

Folate – 2.2% (Centrum Silver 167%)

Vitamin A – 9.7% (Centrum Silver 83%)

Vitamin E – 1.1% (Centrum Silver 150%)

Vitamin K – 20.5% (Centrum Silver 25%)

67.     Reasonable consumers would expect that a product claiming that it provides "real nutrition" and that costs $2.33 per day would provide nutrition that would meaningfully contribute to their overall health and well-being and yet as the above demonstrates, nothing could be further from the truth.

68.     And what's worse, is that, as noted below, while Defendants made express claims about their being material nutritional benefits from the Balance of Nature products, the nutritional values set forth above regarding Balance of Nature are concealed from consumers – as nowhere on the labeling or in Defendants' website are the actual nutritional values imparted to the consumer.

69.     Instead, on the back of the labels Defendants tell consumers of the Balance of Nature Fruits that each product contains three blends each containing an amorphous combination of fruits or vegetables that Defendants call (1) a maintain blend (2) a fend blend and (3) a refresh/repair blend – each of which imparts false or deceptive messages that the Balance of Nature products maintain, fend and refresh/repair when the trivial amount of nutrition they provide could do none of the such.

16

70.    Thus, while Defendants claim that they were not required to provide the nutritional values of the Balance of Nature products, when, as here, they claim that the products provide real nutrition and have "maintain" "fend" and "repair" blends that purportedly help maintain, protect and repair, Defendants' failure to provide the actual nutritional values are material omissions.

**REAL FOOD – MISLEADING AND DECEPTIVE**

71.     Since the Balance of Nature products are purported to be freeze-dried and pulverized versions of various fruits and vegetables, the claim that they are "real food" is literally true but is nevertheless a false and misleading half-truth in the context in which it is made.

72.    As, in the context in which the "real food" claim in made- e.g. in the context of the Balance of Nature Products providing "real nutrition" – reasonable consumers are led to believe that taking Balance of Nature at least in some part provides a nutritionally meaningful substitute for eating real food such as a serving of fruits or vegetables.

73.    One needs only to look at the ad in which Defendant Dr. Howard pitches Balance of Nature in the context of our falling short of consuming the 5 servings of fruits and vegetables per day to understand what is meant by Defendants when they say in their message "real food" on the labeling - that Balance of Nature can at least provide the same amount of "real food" as at least a single serving of either fruits or a serving of vegetables.

74.     But, again, nothing could be further from the truth.

75.    While a daily dose of Balance of Nature combined Fruits and Veggies contains less than 3 mg of vitamin C, an orange has 59 mg of vitamin C (https://fdc.nal.usda.gov/fdc-app.html#/food-details/746771/nutrients) and even a banana has close to 9 mg of vitamin C and 358 mg of potassium (https://fdc.nal.usda.gov/fdc-app.html#/food-details/173944/nutrients.

76. Likewise, one tomato provides 13.7 mg of vitamin C and 237 mg of potassium (https://fdc.nal.usda.gov/fdc-app.html#/food-details/1103276/nutrients) and one potato provides 19.7 mg of vitamin C and 425 mg of potassium (https://fdc.nal.usda.gov/fdc-app.html#/food-details/170026/nutrients).

77. In short, a daily dose of Balance of Nature Fruit and Veggie falls far short of providing any meaningful nutrition in comparison to what is provided by real food.

78. As a result, the labeling claim "real food" is false and misleading in the context in which it is made.

**REAL SCIENCE – FALSE AND MISLEADING**

79. Likewise, the phrase "real science" is at a minimum, a half-truth calculated to deceive, if not being outright false, as it implies that there is real science – usually understood by the reasonable consumer to be what experts in the field require - peer-reviewed clinical studies - showing that taking Balance of Nature fruits and veggies on a daily basis provides the represented health benefits implied if not expressly made on the labeling (including "maintain, fend and refresh") and expressly stated in their advertising and on their web site where Plaintiff made his purchases of Balance of Nature.

80. Plaintiffs have conducted a search of PUBMED for any reported clinical trials on the Balance of Nature Products and have found none.

81. Defendants used to cite on their web site to a few unpublished studies conducted at Pavlov Medical University in St. Petersburg, Russia – where Dr. Howard claims to have received a medical degree, but these clinical trials, are not peer-reviewed and most important concern the effects of Balance of Nature on diseases - cancer and cirrhosis.

82.     But given that Defendants have agreed to withdraw any and all references to Balance of Nature and its effects on diseases, clearly these two studies cannot be the "real science" to which the labeling refers in the context of their being dietary supplements.

83.     One other study on lactation in rats was also once cited on Defendants' web site, but clearly, whatever this study may or may not show, it has nothing to do with the representations discussed above regarding Balance of Nature as a dietary supplement.

84.     As such, Defendants' "real science" statement on the front of its Balance of Nature products is false and misleading it is a representation that there is real science (reliable clinical trial evidence)[13] backing up the health and energy benefits claims made by Defendants, when there is no science whatever regarding the Balance of Nature products.

**THE CLAIMS MADE ON THE BACK OF THE LABELS ARE FALSE
AND MISLEADING AS WELL AND SERVE TO REINFORCE THOSE MADE ON THE
FRONT OF THE LABELS**

85.     The back labeling of Balance of Nature Fruits and Vegetables furthers Defendants' frauds.

86.     On the back of the label, and apparently continuing to this date (at least on Defendants' web site) where consumers expect to see nutrition information Defendants further their falsehoods.

87.     In fact, what is on the back of the labels further conceals what Defendants know – that Balance of Nature has no meaningful nutritional value.

88.     Thus, on the back of the veggies bottle Defendants state that there is 720mg of what Defendants call a "Maintain Blend" comprised of "Broccoli (whole head), spinach (leaf), soybean (seed), green cabbage (head), wheatgrass (leaves), kale (leaf), cauliflower (whole head), celery

---

[13] Experts in the field would require that at least one if not two randomized controlled clinical trials, conducted on the Balance of Nature products, supported the health benefit and energy claims.

(stalk), white onion (bulb) zucchini (fruit)".

89.     By calling the combination of freeze-dried/pulverized vegetables the "maintain blend", defendants falsely impart the message that taking Balance of Nature will maintain one's health or well-being, when, as set forth above there is no possible meaningful nutrition provided by the products.

90.     But that is not all, as on the back of the label of Balance of Nature veggies defendants state that there is also 713 mg of what they call a "Protect Blend" or "Fend Blend"[14] comprised of "garlic (clove), red cabbage (head), red onion (bulb), soybean (seed),[15] carrot (root), kale (leaf), cayenne pepper (fruit and seeds), shitake mushroom (whole) wheatgrass (leaves) sweet potato (tuber).

91.     By calling the combination of freeze-dried/pulverized vegetables the "protect blend" or "fend blend", defendants falsely impart the message that taking Balance of Nature will provide some sort of protection for one's health, when, as seen above, there is so little nutrients in the veggie blend that taking it is meaningless.

92.     And finally, on the back of the Balance of Nature veggies Defendants represent that it contains 576mg of yet another blend which they call "Repair Blend" or "Refresh Blend" that purportedly contains "carrot (root),[16] kale (leaf), green onion (scape), soybean (seed), spinach (leaf), cauliflower (whole head), celery (stalk), zucchini (fruit), imparting that this product will somehow repair consumers health or bodies.

---

[14] A recently purchased bottle of Balance of Nature has a "Protect Blend" on its back label whereas on the current Balance of Nature web site the same combination of fruits is called a "Fend Blend."
[15] Inasmuch that the Maintain Blend contains this very same soybean (seed) as does the Protect Blend, this soybean seed apparently does double duty.
[16] What is not clear is whether the carrot in the maintain blend is the same carrot root in the "repair/refresh" blend.

93.     And the Balance of Nature Fruits product is no different as, per defendants, it too has three blends "maintain (731 mg), protect/fend (719 mg) and repair (561 mg)" yet each containing entirely different ingredients in their respective "maintain" "protect/Fend" and "repair" blends than those on the back of the Vegetable label.[17]

94.     By representing that the Balance of Nature veggie and fruit products contain blends called "maintain", "protect" and "repair" Defendants are falsely or deceptively representing that the Balance of Nature products maintain, protects/fend and repair one's health when it is not possible for these products to do anything at all other than lighten the pocketbooks of consumers.

95.     Moreover, consumers are further misled that there is the "real science" behind these "maintain, protect and repair" representations made about the 6 different blends.

96.     Plaintiff brings this action on behalf of himself and other similarly situated Illinois consumers who purchased the Balance of Nature products, to obtain redress for those who have purchased these products from three years prior to the filing of this action until the date that discovery shows that the misrepresentations no longer impact consumers purchases of Defendants' product. Accordingly, Plaintiff seeks compensatory damages and any equitable remedies for himself and members of the Proposed Class.

**DEFENDANTS FAILED ATTEMPT TO SETTLE THIS MATTER ON AN INDIVIDUAL BASIS**

97.     On or about March 28, 2024, Defendant EVIG, LLC mailed a check payable to Plaintiff William Spivey in the amount of $567.88 apparently in an effort to offer to settle Plaintiff's individual claim.

---

[17] Oddly, even though aloe vera leaf is a vegetable it is included in all three of the fruit blends described above yet is nowhere to be found on the back labels of the vegetable product.

98.     Because Plaintiff is committed to and has an independent interest in earning the right to act as a class representative of the class, he sent the check to his counsel and instructed his counsel to reject this offer of settlement.

99.     By this pleading Plaintiff avers that he has and does reject this offer of settlement.

100.    As such, as a matter of the law of contracts the offer of settlement is a nullity and of no legal effect.

## JURISDICTION AND VENUE

101.    This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some members of the Class are citizens of a state different from Defendants.

102.    This Court has personal jurisdiction over Defendants because the corporate Defendants are authorized to conduct and do business in Illinois, including this District and sell their Balance of Nature products to consumers in Illinois and in this District. And it was the individual Defendant who also caused the Balance of Nature products to be marketed, promoted, distributed, and sold in Illinois. For instance, in his capacity as spokesperson for Balance of Nature Products, Dr. Douglas Howard has broadcast and starred in nationwide advertisements for the Balance of Nature products which have been shown in Illinois and the Chicagoland area as well. As a result, all Defendants have sufficient minimum contacts with this State and/or sufficiently availed themselves of the markets in this State through its promotion, sales, distribution and marketing within this State, including this District, to render the exercise of jurisdiction by this Court permissible.

103.    Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events giving rise to Plaintiff's and members of the Class's claims occurred while he and they resided in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendant transacts substantial business in this District.

## PARTIES

104.    During the relevant time period (e.g. no more than three years prior to the filing of this lawsuit), Plaintiff William Spivey resided within this district in Yorkville, Illinois. Plaintiff saw Balance of Nature advertised on television shortly before he made his first purchase in the Spring of 2021. The message he received and relied upon from seeing Balance of Nature on television was consistent with the overarching message presented on the Balance of Nature labeling, the YouTube advertisements and on Defendants' web site – that taking the Balance of Nature products would fill in the gaps in the nutrition he obtained from eating food, provide him with health benefits as well and revitalize/energize him. After having seen Balance of Nature advertised on television, Plaintiff called the telephone number provided on the television, spoke with someone from Defendants and subscribed to the purchase of the Balance of Nature products. Plaintiff Spivey subscribed to the purchase of the Balance of Nature products from Defendants and paid for the products by credit card during a four-month period in the spring of 2021. He paid $69.95 -$89.95, purchasing a monthly supply for four months. He discontinued his purchasing of Defendants' Balance of Nature Products when he realized that the products did not provide him the represented benefits detailed above. And that is because the Balance of Nature products Plaintiff Spivey purchased did not and could not provide such benefits. As a result, Plaintiff Spivey suffered injury in fact and lost money. Had Plaintiff known the truth about Defendants' misrepresentations, he would not have purchased the Balance of Nature products.

105.    The following are just some of the advertisements that Defendants were running on television at or about the time that Plaintiff made his purchases. [18]These ads conveyed and imparted messages consistent with the take aways that Plaintiff recalls relying upon:

(a) Balance of Nature TV Spot, 'More Affordable Than You Think' Featuring Sebastian Gorka, ISPOT.TV (Nov. 5, 2020), https://www.ispot.tv/ad/ttUa/balance-of-nature-coffee-culture-featuring-sebastian-gorka ("Sebastian Gorka compares the price of Balance of Nature to purchasing a couple cups of coffee a month. The radio show host asserts that the product is a much better deal because instead of consuming overpriced lattes, you are **improving your health**.") (emphasis added).

(b) Balance of Nature TV Spot, 'Optometric Physician: Eye Health,' ISPOT.TV (Nov. 5, 2020), https://www.ispot.tv/ad/ttUf/balance-of-nature-optometric-physician-eye-health ("Paul Gooch, an optometric physician, endorses Balance of Nature. He claims to recommend the supplements to his patients as **an easy way for them to get more nutrition.**") (emphasis added).

(c) Balance of Nature TV Spot, 'Scientifically Formulated,' ISPOT.TV (Dec. 27, 2020), https://www.ispot.tv/ad/triO/balance-of-nature-scientifically-formulated ("Balance of Nature stresses that meals impact every part of the human bodies. Because of this, the brand created its line of products, **which is said to be highly nutritious** and free of toxins.") (emphasis added)

(d) Balance of Nature TV Spot, 'A Believer,' ISPOT.TV (Feb. 5, 2021), https://www.ispot.tv/ad/tax4/balance-of-nature-a-believer ("A doctor was invited to be part of a year-long study on the effects of Balance of Nature supplements. He was pleasantly surprised to find that consumers responded positively to the products and says the supplements help get fruits and vegetables into the human body **for greater health benefits.**") (emphasis added).

(e) Balance of Nature TV Spot, 'Diane the Gardener,' ISPOT.TV (Mar. 19, 2021), https://www.ispot.tv/ad/OL3F/balance-of-nature-diane-the-gardener ("Diane, an avid gardener and flower-arranger, declares that she doesn't want to stop doing what she loves anytime soon. When **she began to accumulate both back and sleep problems**, she was worried **she'd never be able to garden again**; however, ever since she began taking Balance of Nature vitamins, **she's claims to be feeling great**.") (emphasis added).

---

[18] Whether and which ones Plaintiff can recall that he saw or relied upon will be the subject of further discovery, including Defendants production all of its advertising and marketing materials during the class period. But what is clear is that Plaintiff was exposed to and received the same overarching message imparted by these ads, defendants' web site and Defendants' labeling – that the Balance of Nature products would fill in nutritional gaps, help his health and increase his energy.

      (f) Balance of Nature TV Spot, 'Whole Fruits and Vegetables: 35% Off,' ɪSᴘᴏᴛ.ᴛᴠ (May 20, 2021), https://www.ispot.tv/ad/Op1k/balance-of-nature-whole-fruits-and-vegetables-35-off ("Balance of Nature emphasizes the importance of **eating a diet rich in fruits and vegetables** because they are **scientifically proven to** provide numerous benefits to your body. Its supplements are said to consist of whole and natural produce that **provides your body with the nutrition it needs**.") (emphasis added).

106. These videos were running at or around the Plaintiff made his purchases, and the messages conveyed and imparted are consistent with what was communicated, conveyed and imparted to him by Defendants, all of which led to his purchase of the products. These ads in combination with what is on the Balance of Nature labeling imparted an overarching message – no matter whether one saw one ad, the labeling on its own, went through the website in great detail or all of these – that Balance of Nature provided health benefits, gave one energy and provided meaningful nutrition.

107. Whether Plaintiff or the class members saw all of the above, just one or a few, each of them on their own or in combination with others imparted the same message – that the Balance of Nature products provide meaningful nutrition for one's better health and energy.

108. Defendant Evig is a limited liability company incorporated in Nevada and in Utah as a foreign limited liability company with its principal place of business at 1568 S River Rd., St.200, St. George, UT 84790 ("Defendants' Establishment"), within the jurisdiction of this Court. Defendant Evig, an own-label distributor, sells and promotes three products labeled as dietary supplements under the brand name Balance of Nature: (1) Whole Produce Fruits, capsules, and (2) Whole Produce Veggies, capsules. These products are manufactured by Premium Production, LLC using freeze dried fruits and vegetables in powder form.

109. Defendant Dr. Douglas Howard was CEO/Manager of Evig prior to his transferring ownership to his son Douglas Howard. He was responsible for the products formulation as well as

all of the misrepresentations, falsehoods and deceptions alleged herein in that as a spokesperson

he has identified with, made, and endorsed the misrepresentations alleged herein.

## CLASS DEFINITION AND ALLEGATIONS

110.     Plaintiff brings this action on behalf of himself and all other similarly situated

Illinois consumers pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure

and seeks certification of the following Class:

### Illinois-Only Class Action

All Illinois consumers who, since three years prior to the date of the filing of this action purchased Balance of Nature until the date notice is disseminated.

Excluded from this Class are Defendants and the officers, directors and employees of any related entity and those who purchased Balance of Nature for the purpose of resale.

111.     ***Numerosity.*** The members of the Class are so numerous that joinder of all members

of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains

thousands of purchasers of Balance of Nature who have been damaged by Defendant's conduct as

alleged herein. The precise number of Class members is unknown to Plaintiff.

112.     ***Existence and Predominance of Common Questions of Law and Fact***. This action

involves common questions of law and fact, which predominate over any questions affecting

individual Class members. These common legal and factual questions include, but are not limited

to, the following:

(a)     whether Defendants' representations discussed above are misleading, or objectively reasonably likely to deceive;

(b)     whether the alleged conduct constitutes violations of the laws asserted;

(c)     whether Defendants engaged in false or misleading advertising;

(d)     whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss; and

26

(e)     whether Plaintiff and Class members are entitled to other appropriate remedies the Court in the exercise of its discretion deems appropriate.

113.     *Typicality*. Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Defendants' deceptive false and misleading representations as set forth above Plaintiff is also advancing the same claims and legal theories on behalf of himself and all members of the Class.

114.     *Adequacy of Representation*. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

115.     *Superiority*. A Class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

116. Unless a Class is certified, Defendants will retain monies received as a result of their conduct that was taken from Plaintiff and Class members.

### COUNT I
### Violation of Illinois Consumer Fraud Act (815 Ill. Comp. Stat. 502/1, *et seq.*)

117. Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

118. Plaintiff brings his claims individually and on behalf of the Class.

119. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because he purchased Balance of Nature in reliance on Defendants' misrepresentations, deceptions and falsehoods alleged herein but did not receive a Product as represented.

120. The Illinois Consumer Fraud Act (815 Ill. Comp. Stat. 502/1, *et seq.*) and similar laws in other states, prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.

121. Defendants misrepresented on each and every Product package, their web site and TV commercials, the misrepresentations, falsehoods and deceptions alleged herein.

122. Plaintiff and other members of the Class have in fact been deceived as a result of their exposure to and reliance on Defendant's material representations, which are described above. This has caused harm to Plaintiff and other members of the Class who each purchased the Balance of Nature Fruit and Vegetable products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

123. As a result of its deception, Defendants have been able to reap unjust revenue and profit.

124.    Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class collected as a result of Defendants' consumer frauds.

## COUNT II
## Unjust Enrichment

125.    Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

126.    Plaintiff brings his claims individually and on behalf of the Class.

127.    Defendant misrepresented on each and every Product package, their web site and TV commercials, the misrepresentations, falsehoods and deceptions alleged herein.

128.    Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because he purchased Balance of Nature in reliance on Defendants' misrepresentations, deceptions and falsehoods alleged herein but did not receive a Product as represented.

129.    Defendant knew that Balance of Nature could not conform to their representations.

130.    Defendant mispresented, concealed, and omitted material information concerning Balance of Nature.

131.    The facts mispresented, concealed, and omitted by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase Balance of Nature or pay a lower price.

132.    Defendant mispresented, concealed, and omitted material information concerning Balance of Nature in order to induce Plaintiff and Class members to purchase Balance of Nature at a substantially higher price than what they would otherwise have paid.

133.    Plaintiff and Class members reasonably and justifiably relied on Defendant's representations and advertisements when purchasing Balance of Nature.

134.    Plaintiff and Class members would not have purchased Balance of Nature if they knew the truth, or they would have only paid substantially less.

135.    Plaintiff and Class members conferred substantial benefits on Defendant by purchasing Balance of Nature at a premium without receiving a product that conformed to Defendant's representations.

136.    As a result of its deception, Defendant has been able to reap unjust revenue and profit.

137.    Defendant knowingly and willingly accepted and enjoyed these benefits.

138.    Defendant's retention of these benefits would be inequitable because Defendant obtained benefits to the detriment of Plaintiff and Class members when Plaintiff and Class members did not obtain their promised benefits.

139.    Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks restitution as a result of Defendant's unjust conduct.

## COUNT III
### Breach of Express Warranties (810 Ill. Comp. Stat. 5/2-313)

140.    Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

141.    Plaintiff brings his claims individually and on behalf of the Class.

142.    Defendant's marketing, advertising, representations, and labeling of Balance of Nature constitute an express warranty pursuant to 810 Ill. Comp. Stat. 5/2-313.

143.    Defendant misrepresented on each and every Product package, their web site and TV commercials, the misrepresentations, falsehoods and deceptions alleged herein.

144.    Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because he purchased Balance of Nature in reliance on Defendants' misrepresentations, deceptions and falsehoods alleged herein but did not receive a Product as represented.

145.    Defendant breached the warranty because they were unwilling or unable to provide Plaintiff and Class members with a product that met Defendant's representations, and any attempt to provide a remedy has been ineffective.

146.    Defendant's breach deprived Plaintiff and Class members of the benefit of the bargain.

147.    Defendant's attempt to disclaim or limit the warranty is unconscionable and unenforceable under the circumstances here because Defendant knowingly sold Balance of Nature using false, misleading, and deceptive representations.

148.    The essential purpose of the warranty failed because Plaintiff and Class members are unable to reasonably obtain a workable remedy pursuant to the terms of the warranty, so Plaintiff and Class members are entitled to a remedy that is not limited by the terms of the warranty.

149.    Plaintiff and Class members have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

150.    As a result of its deception, Defendant has been able to reap unjust revenue and profit.

151.    Plaintiff, on behalf of himself, all others similarly situated, and the general public, provided reasonable notice to Defendants of the claims alleged herein. Specifically, Plaintiff sent a notice letter dated May 15, 2024, to Defendant Evig LLC d/b/a Balance of Nature and a notice

letter dated May 30, 2024, to Defendant Dr. Douglas Howard. Defendants have not provided the relief requested.

152. Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks damages as a result of Defendant's unlawful conduct.

**COUNT IV**
**Breach of Implied Warranties (810 Ill. Comp. Stat. 5/2-314)**

153. Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

154. Plaintiff brings his claims individually and on behalf of the Class.

155. The sale of Balance of Nature created an implied warranty of merchantability pursuant to 810 Ill. Comp. Stat. 5/2-313.

156. Defendant misrepresented on each and every Product package, their web site and TV commercials, the misrepresentations, falsehoods and deceptions alleged herein.

157. The lack of any substantial nutritional value compared to Defendant's representations caused Balance of Nature to be unmerchantable because Balance of Nature cannot perform their essential functions according to what the average purchaser would reasonably expect.

158. Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because he purchased Balance of Nature in reliance on Defendants' misrepresentations, deceptions and falsehoods alleged herein but did not receive a Product as represented.

159. Defendant breached the warranty because they were unwilling or unable to provide Plaintiff and Class members with a product that met Defendant's representations, and any attempt to provide a remedy has been ineffective.

160. Defendant's breach deprived Plaintiff and Class members of the benefit of the bargain.

161. Defendant's attempt to disclaim or limit the warranty is unconscionable and unenforceable under the circumstances here because Defendant knowingly sold Balance of Nature using false, misleading, and deceptive representations.

162. The essential purpose of the warranty failed because Plaintiff and Class members are unable to reasonably obtain a workable remedy pursuant to the terms of the warranty, so Plaintiff and Class members are entitled to a remedy that is not limited by the terms of the warranty.

163. Plaintiff and Class members have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

164. As a result of its deception, Defendant has been able to reap unjust revenue and profit.

165. Plaintiff, on behalf of himself, all others similarly situated, and the general public, provided reasonable notice to Defendants of the claims alleged herein. Specifically, Plaintiff sent a notice letter dated May 15, 2024, to Defendant Evig LLC d/b/a Balance of Nature and a notice letter dated May 30, 2024, to Defendant Dr. Douglas Howard. Defendants have not provided the relief requested.

166. Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks damages as a result of Defendant's unlawful conduct.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

    A.     Certifying the Class as requested herein;

    B.     An award of Plaintiff's and the class's damages; or

C.     Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members as unjust enrichment;

D.     Awarding attorneys' fees and costs; and

E.     Providing such further relief as may be just and proper.


Dated: June 11, 2024                    **HART MCLAUGHLIN & ELDRIDGE**

By: */s/ Stewart M. Weltman*
    Steven A. Hart, Esq.
    Stewart M. Weltman, Esq.
    Sean O'Malley, Esq.
    One South Dearborn, Suite 1400
    Chicago, Illinois 60603
    (312) 955-0545 (ofc)
    shart@hmelegal.com
    sweltman@hmelegal.com
    somally@hmelegal.com

**LEVIN SEDRAN & BERMAN LLP**

By: */s/  Charles E. Schaffer*
    Charles E. Schaffer, Esq.
    *To be admitted pro hac vice*
    510 Walnut St., Ste. 500
    Philadelphia, PA 19106
    (215) 592-1500 (ofc)
    cschaffer@lfsblaw.com

**CUNEO GILBERT & LADUCA, LLP**

By: */s/  Charles LaDuca*
    Charles LaDuca, Esq.
    *To be admitted pro hac vice*
    4725 Wisconsin Ave., NW, Ste. 200
    Washington, D.C. 20016
    (202) 789-3960 (ofc)
    charles@cuneolaw.com

**AUDET & PARTNERS LLP**

By: */s/ Michael McShane*
    Michael McShane, Esq.
    *To be admitted pro hac vice*
    711 Van Ness Ave., Ste. 500
    San Francisco, CA 94102
    (415) 568-2555 (ofc)
    mmcshane@audetlaw.com
    ***Attorneys for Plaintiffs***