IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM SPIVEY, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 24 C 781 |
| v. | ) ) | Judge Marvin E. Aspen |
| EVIG LLC, d/b/a BALANCE OF NATURE and DOUGLAS L. HOWARD, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff William Spivey moves under Fed. R. Civ. P. 15(a)(2) for leave to file a third amended complaint ("TAC"). Defendants EVIG LLC and Douglas L. Howard oppose the motion. For the reasons below, the court grants plaintiff's motion (Doc. 68).

**BACKGROUND**

This court granted defendants' motion to dismiss the second amended complaint ("SAC") under Fed. R Civ. P. 12(b)(6) on June 9, 2025. (Doc.66). That decision contains a more detailed account of the facts of this case that will not be repeated here. See Spivey v. Evig LLC, No. 24 C 781, 2025 WL 1638453 (N.D. Ill. June 9, 2025). This court dismissed the SAC with prejudice and entered judgment for defendants. (Doc. 67).

**DISCUSSION**

Plaintiff styles his motion as a Fed. R. Civ. P 15(a)(2) motion. But "when a district court enters a final judgment of dismissal, amendment of the complaint under Rule 15 is not available

1

unless the judgment is set aside or modified under Rule 59(e)." Reilly v. Will County Sheriff's Office, 142 F.4th 924, 929 (7th Cir. 2025). While plaintiff may have styled his motion incorrectly, "it is the substance of a motion that counts, not its label." Brickstructures, Inc. v. Coaster Dynamix, Inc., 952 F.3d 887, 890 (7th Cir. 2020); see also Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (explaining that "it is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed").

The substance required in this setting—where a Rule 59(e) motion is necessary to permit amendment of the complaint—is simply the same substance that is required of a Rule 15(a)(2) motion.[1] Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana, 786 F.3d 510, 521 (7th Cir. 2015) (explaining that when the district court enters "judgment at the same time it dismisses the complaint, the court need not find other extraordinary circumstances and must still apply the liberal standard for amending pleadings under Rule 15(a)(2)"); see also Reilly v. Will County Sheriff's Office, 142 F.4th 924, 929 (7th Cir. 2025) (explaining that if "the court entered judgment at the same time it granted the defendants' 12(b)(6) motion," then it should apply "the liberal standard for amending pleadings and does not need to find extraordinary circumstances" typically required under Rule 59(e)). Thus, despite the mislabeling, plaintiff's motion contains in substance what is required of a joint Rule 59(e) and Rule 15(a)(2) motion in this procedural posture.

Rule 15(a)(2) states that "[t]he court should freely grant leave when justice so requires." Fed. R. Civ. P 15(a)(2). While Rule 15(a)(2) articulates a liberal standard, "the terms of the rule,

---

[1] Defendants argue that a "more rigorous" standard applies to post judgment motions to amend. But Runnion is unequivocal in its command that in this procedural context the district court "must still apply the liberal standard for amending pleadings under Rule 15(a)(2)." 786 F.3d at 521 (emphasis added).

2

however, do not mandate that leave be granted in every case." Park v. City of Chicago, 297 F.3d 606, 612 (7th Cir. 2002). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Defendants' primary argument is that the proposed amendment of the complaint is futile. According to defendant, the proposed amendment does not cure the deficiencies that caused this court to dismiss the SAC. The primary deficiency, according to defendant, is that the complaint fails to identify which advertisement plaintiff saw, thus leaving the court unable to evaluate a statement under the reasonable consumer standard. See Spivey v. Evig LLC, 2025 WL 1638453 at *6 ("The court finds that plaintiff has failed to state a claim based on Balance of Nature's advertising because plaintiff has failed to identify any statements that would likely deceive reasonable consumers. This failure is a consequence of the fact that plaintiff does not allege that he saw any specific advertisement."). As for plaintiff's labeling claim, defendants argue that the second amended complaint repeats the same argument that "real nutrition" is a representation about the quantity of nutritional content contained in the supplement, an argument this court rejected. See id. at *4.

Plaintiff responds that he has condensed and updated his complaint to respond to the court's concerns in the order of dismissal. Plaintiff highlights that the proposed complaint includes statements that were not in the SAC and ties the imagery on the labels to defendants' express statements on its website and in TV advertising.

3

At this juncture, it is not proper for the court to turn a motion for leave to amend into a full-blown analysis on the merits. The Seventh Circuit has warned that a district court should only deny leave to amend if "it is *certain* from the face of the complaint that any amendment would be futile…[s]uch cases of clear futility at the outset of a case are rare." Runnion, 786 F.3d at 519-20 (emphasis in original). The same case held that "[o]rdinarily…a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. We have said this repeatedly." Runnion, 786 F.3d at 519. After reviewing the proposed amended complaint, the court cannot find with certainty that plaintiff's proposed amendment is futile. Thus, this court will heed the instructions of the Seventh Circuit and permit plaintiff with an opportunity to amend his complaint before the entire action is dismissed.

## **CONCLUSION**

For the above reasons, the court construes plaintiff's motion as a Rule 59(e) motion to alter or amend this court's previous opinion granting dismissal with prejudice and a Rule 15(a)(2) motion to amend his complaint (Doc. 68). That motion is granted. Plaintiff shall file his amended complaint no later than 9/25/2025.

Dated: 9/12/2025

Marvin E. Aspen
U.S. District Judge