**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM SPIVEY, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> EVIG LLC d/b/a BALANCE OF NATURE and DR. DOUGLAS HOWARD, <br><br> Defendants. | Civil Action No. 24-cv-781 <br><br> District Judge: Hon. Marvin E. Aspen <br><br> Magistrate Judge: Hon. Gabriel A. Fuentes <br><br> Class Action Complaint pursuant to the Illinois Consumer Fraud Act: 815 Ill. Comp. Stat. 502/1, *et seq.* <br><br> **JURY TRIAL DEMANDED** |

**THIRD AMENDED CLASS ACTION COMPLAINT**

Plaintiff William Spivey ("Plaintiff") brings this action on behalf of himself and all other Illinois consumers similarly situated against Defendants Evig LLC d/b/a Balance of Nature and Dr. Douglas L. Howard ("Defendants") and alleges upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief:

## FACTUAL ALLEGATIONS

### *BALANCE OF NATURE*

**SUBSEQUENT TO AND IN RESPONSE TO THE FILING OF THE INITIAL COMPLAINT IN THIS ACTION DEFENDANTS HAVE CHANGED THEIR ADVERTISING AND MARKETING**

1. Plaintiff seeks to represent a class of Illinois purchasers of Defendants' Balance of Nature Products during the time period that is three years prior to the commencement of this action on January 30, 2024.

2. Whereas prior to the filing of the complaint in this matter and at least since March 1, 2021, if not earlier, the overarching express message imparted by Defendants' marketing and promotion of their Balance of Nature products was that they provided one better health, more

energy and by filling in the nutritional gaps in their daily diet from the foods they eat provide meaningful and material nutritional benefits.

3. This over-arching message was made and seen by class members in Defendants' television commercials such as those that Plaintiff saw before he called the telephone number set forth in the television ads, if they went to Defendants' web site to make their purchase of the products or saw the front of Defendants' product labeling before they made their purchases.[1]

### BACKGROUND FACTS

4. Since at least 1997, Defendants have marketed purported fruit and vegetable dietary supplement products – Balance of Nature Fruits and Balance of Nature Vegetables - under the Balance of Nature brand name (hereafter referred to as "Balance of Nature"). Defendants' fiber and spice product is not the subject of this lawsuit.

5. Balance of Nature is currently sold as a combination package – one bottle of the fruits and one bottle of the vegetables. It is not clear and discovery will flesh out whether at some earlier point in time consumers could purchase one or the other products on its own.

6. Defendants sell these products on their website, and it appears that they are also sold on Amazon and online via Walmart.

7. At some time prior to the filing of this lawsuit Defendants sold their products through brick-and-mortar stores such as Walmart, Macy's and the like as well as on their web site or through the 1-800 number provided in their tv ads.

8. At some time prior to the filing of this lawsuit Defendants limited sales to those online on their own web site or via their 1-800 number.

---

[1] As alleged in more detail below, Plaintiff commenced his purchases of Balance of Nature during the time period when these express misrepresentations were made and he relied upon these representations such that he was mislead or deceived into purchasing the Balance of Nature products during a four-month period in the spring of 2021.

2

9. As the bottles appeared in the television commercials, on Defendants' web site, online web sites like Amazon as well they did on the shelves of brick and mortar stores, a variety of fruits are depicted on the front of the Fruit bottles from oranges to grapefruit, various berries, papaya, pineapple, grapes, bananas, apples and so on.

10. And like its fruit counterpart, a variety of vegetables are depicted on the front of the Vegetable bottles from carrots to cabbage, carrots, beets, lettuces, celery, cauliflower and so on.

11. The mere depiction of a wealth of fruits and vegetables on the front of the labeling whether viewed in Defendants' television commercials as was the case with Plaintiff, on the shelves at a brick and mortar store or on Defendants' web site led reasonable consumers of Defendants' products, such as Plaintiff here, to believe that by purchasing and taking Defendants' products they would be obtaining some meaningful amount of nutrition that would benefit them when, as more fully set forth herein, nothing could be further from the truth.

12. But it was not only the depiction of fruits and vegetables on the product labeling that mislead Plaintiff and the class into purchasing and taking Balance of Nature.

13. These pictorials merely reinforced the actual language and messaging that Defendants employed in their television ads, on the labeling and on their web site where a unified and consistent message was communicated to Plaintiff and other class members.

14. Thus, for example, when class members viewed Defendants' web site the first thing that consumers saw was "Feel and Be Your Best" "You need more fruits and vegetables. Balance of Nature can help."

3

15. And a similar message was imparted to consumers like Plaintiff who viewed Defendants' television – no matter which ad or ads they saw – as the message was consistent with the message on Defendants' web site.

16. And the same was true if all that consumers saw was the front of Defendants' product labeling.

17. No matter what they first viewed – television ads, Defendants' web site or Defendants' product labeling – the message was the same – take Balance of Nature to obtain meaningful nutrition that will make you feel better and more energetic.

18. These representations were false, misleading or deceptive because Defendants' products cannot and do not provide any such benefits due to their being trivial amounts of any nutrients other than sugar in the products and even that amount is so small that it cannot even provide a momentary sugar rush.

19. And since the Balance of Nature products contain such trivial amounts of fruits and vegetables to, represent that the Balance of Nature products will provide consumers with "more fruits and vegetables" is, at a minimum, deceptive or misleading as the message given to consumers is that they will obtain some meaningful amount of fruits and vegetables along with the nutrients that accompany them when nothing could be further from the truth .

20. And this is not the first time that Defendants have engaged in false and misleading conduct with their marketing of their Balance of Nature products. Defendants have engaged in a pattern and practice of misleading consumers such that early on and as late as 2019, Defendants illegally marketed and sold these products for the treatment, cure, mitigation or prevention of various ailments and diseases ranging from the common cold, pneumonia, diabetes, arthritis, lowering cholesterol, MS, asthma, cancer to covid.

21. Because Defendants did not obtain approval of these disease claims through the required new drug approval process ("NDA"), on August 20, 2019, the FDA issued a warning letter to defendants noting that Defendants were marketing their products based upon unapproved and illegal disease claims.

22. The FDA ultimately sued Defendants and recently Defendants entered into a consent decree in which they agreed to, among other things, no longer make diseases claims.

23. While the foregoing is deep background regarding the lengths to which Defendants were willing to stoop to sell Balance of Nature to unsuspecting consumers, this case is not about Defendants' illegal marketing of their Balance of Nature products as drugs.

24. Rather, once Defendants' initial illegal marketing of the Balance of Nature Products as drugs was called out by the FDA, at least as early as March 1, 2021, the exact date to be determined during discovery, Defendants began making false, deceptive or misleading dietary supplement health and well-being claims about the purported effects of taking Balance of Nature that are the subject of this lawsuit.

25. Below are just some examples of the television ads that were run when Plaintiff relied upon one or more of them to decide to make his purchases of Defendants' products. The substance of each television commercial is essentially the same, including those that Plaintiff saw, and imparted the same message – take Defendants' Balance of Nature products and you will get meaningful nutrition that will fill in the nutritional gaps in your daily diet, provide you with more energy and improve your health and well-being.

26. For example, one of its video advertisements that appeared on its website during the class period, as well as being run as part of a nationwide blitz of television ads including in Illinois, features the founder of Balance of Nature products, Douglas Howard, who looks into the

camera and says "Eating Balance of Nature Fruits and Veggies is not replacing the fruits and vegetables in your diet, it is fruits and vegetables in your diet. Ask yourself, how many servings of fruits and vegetables have I eaten today? Have you eaten 1, 2, 3 and from how many varieties? Most people are less than three. Our body is an amazing chemical laboratory. *And when you give it the right chemistry it functions the best.* Balance of Nature is 31 fruits and vegetables, prepared in a way that gives *you the ultimate whole food fruit and vegetable chemistry*. Let Balance of Nature help you supplement your fruit and vegetable intake *for a lot less money and a lot less work and a much higher quality of life*. See, https://www.youtube.com/watch?v=-B0cytQ4gI8.

27. In another television ad Dr. Howard claims that Balance of Nature "gives your body the chemistry it needs to help your cells run at their optimum." See, https://www.youtube.com/watch?v=bzFKAGw_-D0&feature=youtu.be.

28. Virtually every statement he makes in these two videos is either false or is an intentional half-truth that deceives consumers into believing that buying and taking the recommended daily dose of the Balance of Nature products will provide them with meaningful nutrition that will help supplement their diet and fill in any nutritional gaps that may arise from not consuming the daily requirements of fruits and vegetables – and Balance of Nature is the "ultimate whole food fruit and vegetable chemistry" that, "for a lot less money" will provide a "higher quality of life." And it was this message that Plaintiff received and took away when he viewed Defendants' television commercials which led him to purchases of Defendants' products.

29. The above advertisement is one of many that prior to the filing of this lawsuit were on Defendants' web site and that Defendants had been using to blitz the television airways on a nationwide basis with similar claims for at least the last three years prior to the filing of this lawsuit.

30. The sum and substance of these ads communicated the same unitary message that Plaintiff and other class members saw whether in a television ad, on Defendants' web site or the labeling - that by taking Balance of Nature Fruits and Vegetables a consumer would fill nutritional gaps in their daily diets and feel more energetic and healthier. See, https://www.youtube.com/watch?v=BW5BPVEcaao (Grey haired woman says that Balance of Nature helps her keep an active lifestyle), https://www.youtube.com/watch?v=-scf3DGA7tM (Ruthie – an older woman claims Balance of Nature gives her more energy); https://www.youtube.com/watch?v=dIz2c9sgWEk (60 year old physical trainer who feels like she has the energy level of a 27 year old from taking Balance of Nature), https://www.youtube.com/watch?v=UFkCQyI_kXw (Grey haired grandmother says she wants to stay healthy and claims that taking Balance of Nature makes her feel "great"); https://www.youtube.com/watch?v=dQkDvrJ2uQY (Grey haired man says that he always wanted to take up surfing and Balance of Nature helped him do it, that he plans on surfing till he's 80 and he doesn't think he could do it without Balance of Nature); https://www.youtube.com/watch?v=GFH47tuUnok (76 year old women claims that she always had to take a nap after lunch, she just couldn't keep her eyes open, until she started taking Balance of Nature – "I want to keep living my life with energy and Balance of Nature helps me do that")); https://www.youtube.com/watch?v=qJksR3x4S00 (Husband and wife in their early 40s or so take Balance of Nature because they get more energy from it); https://www.youtube.com/watch?v=93cBiZtAuPw1 (voice over asserts that thousands of nutrients found naturally in whole fruits and vegetables taking 31 of the highest quality fruit and vegetables in Balance of Nature, freeze-dried and encapsulated so that one can get the fruits and vegetables they need).

31.    The following are just some additional exemplars of advertisements that Defendants were running on television at or about the time that Plaintiff made his purchases. These ads conveyed and imparted messages consistent with the take aways that Plaintiff recalls relying upon when deciding to make his purchases of Defendants' products:[2]

a.    Balance of Nature TV Spot, 'More Affordable Than You Think' Featuring Sebastian Gorka, ISPOT.TV (Nov. 5, 2020), https://www.ispot.tv/ad/ttUa/balance-of-nature-coffee-culture-featuring-sebastian-gorka ("Sebastian Gorka compares the price of Balance of Nature to purchasing a couple cups of coffee a month. The radio show host asserts that the product is a much better deal because instead of consuming overpriced lattes, you are improving your health.") (emphasis added).

b.    Balance of Nature TV Spot, 'Scientifically Formulated,' ISPOT.TV (Dec. 27, 2020), https://www.ispot.tv/ad/triO/balance-of-nature-scientifically-formulated ("Balance of Nature stresses that meals impact every part of the human bodies. Because of this, the brand created its line of products, which is said to be highly nutritious and free of toxins.") (emphasis added)

c.    Balance of Nature TV Spot, 'A Believer,' ISPOT.TV (Feb. 5, 2021), https://www.ispot.tv/ad/tax4/balance-of-nature-a-believer ("A doctor was invited to be part of a year-long study on the effects of Balance of Nature supplements. He was pleasantly surprised to find that consumers responded positively to the products and says the supplements help get fruits and vegetables into the human body for greater health benefits.") (emphasis added).

d.    Balance of Nature TV Spot, 'Diane the Gardener,' ISPOT.TV (Mar. 19, 2021), https://www.ispot.tv/ad/OL3F/balance-of-nature-diane-the-gardener ("Diane, an avid gardener and flower-arranger, declares that she doesn't want to stop doing what she loves anytime soon. When she began to accumulate both back and sleep problems, she was worried she'd never be able to garden again; however, ever since she began taking Balance of Nature vitamins, she's claims to be feeling great.") (emphasis added).

e.    Balance of Nature TV Spot, 'Optometric Physician: Eye Health,' ISPOT.TV (Nov. 5, 2020), https://www.ispot.tv/ad/ttUf/balance-of-nature-optometric-physician-eye-health ("Paul Gooch, an optometric physician, endorses Balance of Nature. He claims to recommend the supplements to

---

[2] Whether and which ones Plaintiff can recall that he saw or relied upon will be the subject of further discovery, including Defendants production all of its advertising and marketing materials during the class period. But what is clear is that Plaintiff was exposed to and received the same overarching and unitary message imparted by these ads, defendants' web site and Defendants' labeling – that the Balance of Nature products would fill in nutritional gaps, help his health and increase his energy.

his patients as an easy way for them to get more nutrition.") (emphasis added).

f.   Balance of Nature TV Spot, 'Scientifically Formulated,' ISPOT.TV (Dec. 27, 2020), https://www.ispot.tv/ad/triO/balance-of-nature-scientifically-formulated ("Balance of Nature stresses that meals impact every part of the human bodies. Because of this, the brand created its line of products, which is said to be highly nutritious and free of toxins.") (emphasis added)

g.   Balance of Nature TV Spot, 'A Believer,' ISPOT.TV (Feb. 5, 2021), https://www.ispot.tv/ad/tax4/balance-of-nature-a-believer ("A doctor was invited to be part of a year-long study on the effects of Balance of Nature supplements. He was pleasantly surprised to find that consumers responded positively to the products and says the supplements help get fruits and vegetables into the human body for greater health benefits.") (emphasis added).

h.   Balance of Nature TV Spot, 'Diane the Gardener,' ISPOT.TV (Mar. 19, 2021), https://www.ispot.tv/ad/OL3F/balance-of-nature-diane-the-gardener ("Diane, an avid gardener and flower-arranger, declares that she doesn't want to stop doing what she loves anytime soon. When she began to accumulate both back and sleep problems, she was worried she'd never be able to garden again; however, ever since she began taking Balance of Nature vitamins, she's claims to be feeling great.") (emphasis added).

i.   Balance of Nature TV Spot, 'Whole Fruits and Vegetables: 35% Off,' ISPOT.TV (May 20, 2021), https://www.ispot.tv/ad/Op1k/balance-of-nature-whole-fruits-and-vegetables-35-off ("Balance of Nature emphasizes the importance of eating a diet rich in fruits and vegetables because they are scientifically proven to provide numerous benefits to your body. Its supplements are said to consist of whole and natural produce that provides your body with the nutrition it needs.") (emphasis added).

32.   These videos were running at or around the time when Plaintiff made his purchases, and no matter what television ads he saw, what is clear is that Plaintiff was exposed to and received the same overarching and unitary message imparted by Defendants ads, defendants' web site and Defendants' labeling – that the Balance of Nature products would fill in nutritional gaps, help with his health and increase his energy.. And, as a result, no matter which ads he saw, Plaintiff was misled or deceived because the messages conveyed and imparted are consistent with what was communicated, conveyed and imparted to him by Defendants, all of which led to his purchase of

9

the products. And no matter whether one saw one ad, the labeling on its own or went to Defendants' website the message was the same – that Balance of Nature provided health benefits, gave one energy and provided meaningful nutrition.

33. Defendant Evig LLC is a limited liability company incorporated in Nevada and in Utah as a foreign limited liability company with its principal place of business at 1568 S River Rd., St.200, St. George, UT 84790 ("Defendants' Establishment"), within the jurisdiction of this Court. Defendant Evig, an own-label distributor, sells and promotes two products labeled as dietary supplements under the brand name Balance of Nature: (1) Whole Produce Fruits, capsules, and (2) Whole Produce Veggies, capsules. These products are manufactured by Premium Production, LLC using freeze dried fruits and vegetables in powder form.

34. Defendant Dr. Douglas Howard was CEO/Manager of Evig prior to his transferring ownership to his son Douglas Howard. He was responsible for the products formulation as well as all of the misrepresentations, falsehoods and deceptions alleged herein in that as a spokesperson he has identified with, made, and endorsed the misrepresentations alleged herein.

35. Regardless of whether one saw a television ad (or several), read the front of Defendants' labeling or went to Defendants' web site, consumers were exposed to the same over-arching and unitary message described above and Defendants made these representations in order that consumers, such as Plaintiff, would rely upon them in making their decisions to purchase Defendants' products. And it makes no difference which television ads Plaintiff saw because they all carried the same over-arching false, misleading or deceptive message before he made his purchases.

36. Balance of Nature is sold on its website for $89.95 for a one-time purchase or at a 22% discount of $69.95 for a one-time member fee of $24.95 and agreement to receive a shipment every 28 days.

37. And assuming a consumer chose to subscribe at the discounted rate of $69.95, a daily dose of Balance of Nature Fruits and Veggies would cost $2.33. Yet, a daily dose of Defendants' products' contribution to one's daily nutritional needs is trivial. As such, Defendants' representations about the purported nutritional benefits provided by the products as discussed herein are, at a minimum, deceptive half-truths as reasonable consumers would be led to believe that they would obtain some amount of meaningful nutrition and the Balance of Nature products provide no meaningful or real nutrition.

38. For instance, a daily dose of Balance of Nature provides a mere 2.747 mg of vitamin C at a cost of $0.85 per mg: yet the Recommended Dietary Allowance (RDA) for vitamin C is 90mg for men and 75mg women.

39. By way of comparison, that same consumer could pay $0.09 for a daily dose of Centrum Silver Multivitamin that provides 100 mg of vitamin C at a cost of less than one cent ($0.009) per mg along with numerous other key nutrients in amounts that meet or exceed the daily requirements.[3]

40. So much for Balance of Nature costing less as Dr. Howard says in Defendants' ads or as is said on its web site or, more importantly, so much for filling in any gaps in consumers' daily nutritional needs.

---

[3] The vitamin C in Centrum Silver is the same molecule as the vitamin C in the Balance of Nature products. Moreover, Centrum Silver is chosen as a comparator because, for the most part, Balance of Nature is marketed to those over 50. But the math is just as bad if one uses Centrum Adults as a comparator, as a 200 tablet bottle costs 5 cents per tablet and provides 60mg of vitamin C.

41. And if the comparator for the "costs less" is actual fruit or vegetables, the numbers are no better as an orange has a retail cost of approximately $1 at retail and contains 51mg of vitamin C at a cost of $0.02 per milligram.

42. As will be seen below, the same math applies to virtually all of the vitamins or nutrients found in a serving of Balance of Nature Fruits and Veggies – not only do they not cost less but the costs of the nutrients per serving in the Balance of Nature products are shockingly excessive.

43. Moreover, the excessive charges for a product that essentially amounts to nothing in terms of the nutrients it provides in and of itself is misleading or deceptive as it reinforces to consumers that they are getting something that is substantial and meaningful in terms of nutrition and other health benefits when it does not do so.

44. And the labeling of Balance of Nature is no better on its own as it is equally misleading and deceptive as, at a minimum, until the filing of this lawsuit was replete with similar misleading and deceptive statements or half-truths to those made in Defendants' television commercials and on Defendants' web site including that Balance of Nature products provide "real nutrition" "real food" and is backed by "real science."

45. But there is one thing that is abundant in the Balance of Nature Products – out of a combined Fruit and Veggies daily 4 g dose of "Blends" – 1.5 g is sugar.[4]

46. So almost 40% of the Balance of Nature products are comprised of sugar or to put it in terms of cost – consumers are paying $0.93 for 1.5 g of sugar – the single largest component

---

[4] The levels of nutrition set forth in this complaint are nowhere to be found in any of the information provided by Defendants either on the products labeling, on its website or in Defendants' advertising of the Balance of Nature Products.

of the Balance of Nature products by multiples of multiples – when sugar at retail costs approximately $0.02 per gram.[5]

47.     So consumers are paying over close to 70 cents per gram for the sugar in Balance of Nature or almost 35 times the retail cost of sugar for what comprises the single largest component in and almost 40% of the Balance of Nature products.

48.     The failure to disclose these facts – that consumers are grossly overpaying for a product that is almost 40% sugar is, in itself, a material omission particularly when taken in the context of Defendants' inducing consumers to purchase their Balance of Nature products to obtain nutrional benefits,  as it not only conceals the price gouging committed by Defendants, but it is also a material omission of the fact that almost 40% the Balance of Nature products are predominantly vacant calories provided by sugar that nevertheless, because it is such a small amount, provides no perceptible energy boost.

49.     And just as the ads for Balance of Nature are false deceptive and misleading for those viewing them either on TV or on Defendants' website, those who may have bought Balance of Nature at brick and mortar stores or on the web such as at Amazon.com or Defendants' web site would have done so based upon the labeling claims that impart similar messaging.

50.     Though, in a filing in another matter, a declaration submitted by Defendants notes that the Balance of Nature products are "available almost exclusively online only, from its own website and through other online distribution platforms." Ebisch declaration ¶ 4 (ECF No. 39-2, *Lukas v. Evig LLC*, No. 23:cv-08678 (S.D.N.Y.)).

51.     Exemplars of Defendants' labeling are set forth below:

---

[5] A four-pound bag of sugar costs $0.81 per pound at Walmart. https://www.walmart.com/ip/Great-Value-Pure-Granulated-Sugar-4-lb/10315162. There are 453.592 grams of sugar in a pound at a cost of approximately 0.00178 cents per gram of sugar – rounded out that's 2 cent per gram.





**DEFENDANTS' LABELING CLAIMS OF "REAL NUTRITION"
ARE MISLEADING AND DECEPTIVE**

52.     And while according to Defendants, the number of persons who may have purchased their products at brick-and-mortar stores was limited when compared to overall sales, even if all they saw was the product labeling they would have been similarly mislead. as the the banner headline at the top of each label where it says "real nutrition" and "real food" imparts the same message as was conveyed in Defendants' ads and web site and, at a minimum, is a half-truth

calculated to deceive consumers, as the amount of "real nutrition" or "real food" in a combined daily dose of Balance of Nature Fruits and Veggies is so small as to be trivial and meaningless.

53. The "real nutrition" banner on the front of each label imparts a concrete message to the reasonable consumer - that by taking Balance of Nature they will obtain meaningful nutrition that will meaningfully supplement whatever shortfalls they may have in their daily intakes of fruits and vegetables and contribute to their overall health.

54. And whether consumers were exposed to these over-arching messages in Defendants' television ads as was the case with Plaintiff or on Defendants' web site, or were exposed to Defendants' labeling they would have received the same deceptive and false message.

55. For instance, the RDA for fiber is 38g for men and 25g for women 19-50 years of age respectively, and then 30 and 21 grams beyond 50. In accordance with the RDAs, the Daily Value is 28 grams, however the daily intake is around 15 grams, for an average daily shortfall of 10-13 grams.

56. Yet, Balance of Nature Veggies contains just 0.5 grams of fiber, and Balance of Nature Fruits contains 0.3 grams of fiber for a combined grand total of 0.8 grams of fiber in the recommended daily dose.

57. Thus, a daily dose of the combined fruit and veggies Balance of Nature products – which costs $69.95 for a thirty (30) day supply - or $2.33 per day – supplies less than one gram of fiber – hardly "real nutrition" when the Daily Value is 28 grams and the shortfall on average is 10 grams per day.

58. Moreover, as noted above, Defendants market Balance of Nature as helping to fill in the gap between what our daily requirements are and what we eat for a variety of vitamins as well as fiber.

16

59.     Providing less that one gram of fiber when our average daily shortfall is 10 grams is hardly "real nutrition" and does not provide any meaningful supplementation to fill in the gap – particularly when one considers that a daily dose of Balance of Nature Fruits and Veggies costs $2.33 per day.

60.     For instance, if one tried to fill the 10 grams gap in meeting their daily requirements of fiber solely from taking Balance of Nature Fruits and Veggies, it would cost them close to $24 per day.

61.     An apple – which on average costs $1.00 - provides 4.4 grams of fiber but to gain that amount of fiber from Balance of Nature would cost almost ten times more at a little more than 10 dollars.

62.     Or if one wants to go the route of a supplement, by way of comparison, one dose of a Metamucil fiber gummies contains 5 grams of fiber per serving at a cost of 21 cents per day – while the same amount of fiber from Balance of Nature would cost $14.02 per day – or 67 times more than what a simple 5 gram fiber gummy would cost. See, https://www.amazon.com/Metamucil-Supplement-Gummies-Orange-Prebiotic/dp/B0BDP24LP4/ref=asc_df_B0BDP24LP4/?tag=hyprod-20&linkCode=df0&hvadid=666700525438&hvpos=&hvnetw=g&hvrand=7730559578569847229&hvpone=&hvptwo=&hvqmt=&hvdev=c&hvdvcmdl=&hvlocint=&hvlocphy=9017352&hvtargid=pla-1947072558631&psc=1&mcid=14cbbd3b144439ba8b950d9622abee76.

63.     And the same is true for the other vitamins and nutrients found in the Balance of Nature Fruit and Veggie products.

17

64. For instance, Balance of Nature Fruits provides 1.88 mg of vitamin C and Balance of Nature Veggies provides 0.867 mg of vitamin C for a combined total of 2.747 mg of vitamin from a daily dose that costs $2.33.

65. The RDA for vitamin C for women is 75 mg and 90 mg for men and the Daily Value is 90mg.

66. Thus, if the objective is to fill in the gap between consumers' intake and the daily requirement, an additional 2.747 mg of vitamin C does not and cannot constitute as providing a meaningful contribution and thus with regard to vitamin C, the combined daily dose of Balance of Nature Fruit and Veggies does not constitute "real nutrition" from a reasonable consumer's viewpoint.

67. For example, a $2.33 daily dose of combined fruits and veggies provides a mere 4.6% of the daily requirement standards for vitamin C when for $.09 per day a Centrum Silver 50+ provides 67% of the daily requirement and to get the same amount of vitamin C from the Balance of Nature product would cost upwards of $36.00.

68. And the same is true for all of the key vitamins as a $2.33 daily dose of the Balance of Nature products provide 0.4% of the daily requirement of vitamin B2 and 0.2% vitamin B3 whereas a Centrum Silver provides 131% of the daily requirement of B2 and 125% of the vitamin B3.

69. In sum, a daily dose of the Balance of Nature products provides minimal to trivial amounts of key nutrients all at an exorbitant cost:

- Vitamin C – 4.6% of the daily requirement (Centrum Silver provides 67%)

- Potassium – 1.7% of the daily requirement (Centrum Silver – 2%)

- Calcium – 1.6% of the daily requirement (Centrum Silver – 17%)

- Vitamin B2 – 0.4% (Centrum Silver 131%)

- Vitamin B3 – 0.2% (Centrum Silver 125%)

- Folate – 2.2% (Centrum Silver 167%)

- Vitamin A – 9.7% (Centrum Silver 83%)

- Vitamin E – 1.1% (Centrum Silver 150%)

- Vitamin K – 20.5% (Centrum Silver 25%)

70. Reasonable consumers would expect that a product claiming that it provides the benefits that Defendants represent as set forth herein and that costs $2.33 per day would provide nutrition that would meaningfully contribute to their overall health and well-being and yet as the above demonstrates, nothing could be further from the truth.

71. Thus, a daily dose of Balance of Nature combined Fruits and Veggies contains less than 3 mg of vitamin C, an orange has 59 mg of vitamin C (https://fdc.nal.usda.gov/fdc-app.html#/food-details/746771/nutrients) and even a banana has close to 9 mg of vitamin C and 358 mg of potassium (https://fdc.nal.usda.gov/fdc-app.html#/food-details/173944/nutrients).

72. Likewise, one tomato provides 13.7 mg of vitamin C and 237 mg of potassium (https://fdc.nal.usda.gov/fdc-app.html#/food-details/1103276/nutrients) and one potato provides 19.7 mg of vitamin C and 425 mg of potassium (https://fdc.nal.usda.gov/fdc-app.html#/food-details/170026/nutrients).

73. In short, a daily dose of Balance of Nature Fruit and Veggie falls far short of providing any meaningful or real nutrition in comparison to what is provided by real food.

**DEFENDANTS' FAILED ATTEMPT TO SETTLE THIS MATTER ON AN INDIVIDUAL BASIS**

19

74. On or about March 28, 2024, Defendant Evig LLC mailed a check payable to Plaintiff William Spivey in the amount of $567.88 apparently in an effort to offer to settle Plaintiff's individual claim.

75. Because Plaintiff is committed to and has an independent interest in earning the right to act as a class representative of the class, he sent the check to his counsel and instructed his counsel to reject this offer of settlement.

76. By this pleading Plaintiff avers that he has and does reject this offer of settlement.

77. As such, as a matter of the law of contracts the offer of settlement is a nullity and of no legal effect.

## JURISDICTION AND VENUE

78. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some members of the Class are citizens of a state different from Defendants.

79. This Court has personal jurisdiction over Defendants because the corporate Defendants are authorized to conduct and do business in Illinois, including this District and sell their Balance of Nature products to consumers in Illinois and in this District. And it was the individual Defendant who also caused the Balance of Nature products to be marketed, promoted, distributed, and sold in Illinois. For instance, in his capacity as spokesperson for Balance of Nature Products, Dr. Douglas Howard has broadcast and starred in nationwide advertisements for the Balance of Nature products which have been shown in Illinois and the Chicagoland area as well. As a result, all Defendants have sufficient minimum contacts with this State and/or sufficiently availed themselves of the markets in this State through its promotion, sales, distribution and

20

marketing within this State, including this District, to render the exercise of jurisdiction by this Court permissible.

80.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events giving rise to Plaintiff's and members of the Class's claims occurred while he and they resided in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendant transacts substantial business in this District.

## PARTIES

81.     During the relevant time period (e.g. no more than three years prior to the filing of this lawsuit), Plaintiff William Spivey resided within this district in Yorkville, Illinois. Plaintiff saw Balance of Nature advertised on television shortly before he made his first purchase in the Spring of 2021. The message he received and relied upon from seeing Balance of Nature on television was consistent with the overarching message that taking the Balance of Nature products would fill in the gaps in the nutrition in his daily diet from the food he ate, provide him with health benefits as well and revitalize/energize him. After having seen Balance of Nature advertised on television, Plaintiff called the telephone number provided on the television, spoke with someone from Defendants and subscribed to the purchase of the Balance of Nature products. Plaintiff Spivey subscribed to the purchase of the Balance of Nature products from Defendants and paid for the products by credit card during a four-month period in the spring of 2021. He paid $69.95 - $89.95, purchasing a monthly supply for four months. He discontinued his purchasing of Defendants' Balance of Nature Products when he realized that the products did not provide him the represented benefits set forth above. And that is because the Balance of Nature products Plaintiff Spivey purchased did not and could not provide such benefits. As a result, Plaintiff Spivey suffered injury

21

in fact and lost money. Had Plaintiff known the truth about Defendants' misrepresentations, he would not have purchased the Balance of Nature products.

## CLASS DEFINITION AND ALLEGATIONS

82.     Plaintiff brings this action on behalf of himself and all other similarly situated Illinois consumers pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> **Illinois-Only Class Action**
>
> All Illinois consumers who, since three years prior to the date of the filing of this action, purchased Balance of Nature until January 30, 2024.
>
> Excluded from this Class are Defendants and the officers, directors and employees of any related entity and those who purchased Balance of Nature for the purpose of resale.

83.     ***Numerosity.*** The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of Balance of Nature who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

84.     ***Existence and Predominance of Common Questions of Law and Fact.*** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

a.     whether Defendants' representations discussed above are misleading, or objectively reasonably likely to deceive;

b.     whether the alleged conduct constitutes violations of the laws asserted;

c.     whether Defendants engaged in false or misleading advertising;

d.     whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss; and

22

e.     whether Plaintiff and Class members are entitled to other appropriate remedies the Court in the exercise of its discretion deems appropriate.

85.     ***Typicality***. Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Defendants' deceptive false and misleading representations as set forth above Plaintiff is also advancing the same claims and legal theories on behalf of himself and all members of the Class.

86.     ***Adequacy of Representation***. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

87.     ***Superiority***. A Class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

88.     Unless a Class is certified, Defendants will retain monies received as a result of their conduct that was taken from Plaintiff and Class members.

## COUNT I
### Violation of Illinois Consumer Fraud Act (815 Ill. Comp. Stat. 502/1, *et seq.*)

89.     Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

90.     Plaintiff brings his claims individually and on behalf of the Class.

91.     As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because he purchased Balance of Nature in reliance on Defendants' misrepresentations, deceptions and falsehoods alleged herein but did not receive a Product as represented.

92.     The Illinois Consumer Fraud Act (815 Ill. Comp. Stat. 502/1, *et seq.*) and similar laws in other states, prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.

93.     Defendants misrepresented on each and every Product package, their web site and TV commercials, the misrepresentations, falsehoods and deceptions alleged herein.

94.     Plaintiff and other members of the Class have in fact been deceived as a result of their exposure to and reliance on Defendant's material representations, which are described above. This has caused harm to Plaintiff and other members of the Class who each purchased the Balance of Nature Fruit and Vegetable products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

95.     As a result of its deception, Defendants have been able to reap unjust revenue and profit.

24

96. Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class collected as a result of Defendants' consumer frauds.

**COUNT II**
**Unjust Enrichment**

97. Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

98. Plaintiff brings his claims individually and on behalf of the Class.

99. Defendant misrepresented on each and every Product package, their web site and TV commercials, the misrepresentations, falsehoods and deceptions alleged herein.

100. Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because he purchased Balance of Nature in reliance on Defendants' misrepresentations, deceptions and falsehoods alleged herein but did not receive a Product as represented.

101. Defendant knew that Balance of Nature could not conform to their representations.

102. Defendant mispresented, concealed, and omitted material information concerning Balance of Nature.

103. The facts mispresented, concealed, and omitted by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase Balance of Nature or pay a lower price.

104. Defendant mispresented, concealed, and omitted material information concerning Balance of Nature in order to induce Plaintiff and Class members to purchase Balance of Nature at a substantially higher price than what they would otherwise have paid.

25

105. Plaintiff and Class members reasonably and justifiably relied on Defendant's representations and advertisements when purchasing Balance of Nature.

106. Plaintiff and Class members would not have purchased Balance of Nature if they knew the truth, or they would have only paid substantially less.

107. Plaintiff and Class members conferred substantial benefits on Defendant by purchasing Balance of Nature at a premium without receiving a product that conformed to Defendant's representations.

108. As a result of its deception, Defendant has been able to reap unjust revenue and profit.

109. Defendant knowingly and willingly accepted and enjoyed these benefits.

110. Defendant's retention of these benefits would be inequitable because Defendant obtained benefits to the detriment of Plaintiff and Class members when Plaintiff and Class members did not obtain their promised benefits.

111. Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks restitution as a result of Defendant's unjust conduct.

## COUNT III
### Breach of Express Warranties (810 Ill. Comp. Stat. 5/2-313)

112. Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

113. Plaintiff brings his claims individually and on behalf of the Class.

114. Defendant's marketing, advertising, representations, and labeling of Balance of Nature constitute an express warranty pursuant to 810 Ill. Comp. Stat. 5/2-313.

115. Defendant misrepresented on each and every Product package, their web site and TV commercials, the misrepresentations, falsehoods and deceptions alleged herein.

26

116. Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because he purchased Balance of Nature in reliance on Defendants' misrepresentations, deceptions and falsehoods alleged herein but did not receive a Product as represented.

117. Defendant breached the warranty because they were unwilling or unable to provide Plaintiff and Class members with a product that met Defendant's representations, and any attempt to provide a remedy has been ineffective.

118. Defendant's breach deprived Plaintiff and Class members of the benefit of the bargain.

119. Defendant's attempt to disclaim or limit the warranty is unconscionable and unenforceable under the circumstances here because Defendant knowingly sold Balance of Nature using false, misleading, and deceptive representations.

120. The essential purpose of the warranty failed because Plaintiff and Class members are unable to reasonably obtain a workable remedy pursuant to the terms of the warranty, so Plaintiff and Class members are entitled to a remedy that is not limited by the terms of the warranty.

121. Plaintiff and Class members have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

122. As a result of its deception, Defendant has been able to reap unjust revenue and profit.

123. Plaintiff, on behalf of himself, all others similarly situated, and the general public, provided reasonable notice to Defendants of the claims alleged herein. Specifically, Plaintiff sent a notice letter dated May 15, 2024, to Defendant Evig LLC d/b/a Balance of Nature and a notice

27

letter dated May 30, 2024, to Defendant Dr. Douglas Howard. Defendants have not provided the relief requested.

124.    Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks damages as a result of Defendant's unlawful conduct.

## COUNT IV
## Breach of Implied Warranties (810 Ill. Comp. Stat. 5/2-314)

125.    Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

126.    Plaintiff brings his claims individually and on behalf of the Class.

127.    The sale of Balance of Nature created an implied warranty of merchantability pursuant to 810 Ill. Comp. Stat. 5/2-313.

128.    Defendant misrepresented on each and every Product package, their web site and TV commercials, the misrepresentations, falsehoods and deceptions alleged herein.

129.    The lack of any substantial nutritional value compared to Defendant's representations caused Balance of Nature to be unmerchantable because Balance of Nature cannot perform their essential functions according to what the average purchaser would reasonably expect.

130.    Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because he purchased Balance of Nature in reliance on Defendants' misrepresentations, deceptions and falsehoods alleged herein but did not receive a Product as represented.

131.    Defendant breached the warranty because they were unwilling or unable to provide Plaintiff and Class members with a product that met Defendant's representations, and any attempt to provide a remedy has been ineffective.

28

132. Defendant's breach deprived Plaintiff and Class members of the benefit of the bargain.

133. Defendant's attempt to disclaim or limit the warranty is unconscionable and unenforceable under the circumstances here because Defendant knowingly sold Balance of Nature using false, misleading, and deceptive representations.

134. The essential purpose of the warranty failed because Plaintiff and Class members are unable to reasonably obtain a workable remedy pursuant to the terms of the warranty, so Plaintiff and Class members are entitled to a remedy that is not limited by the terms of the warranty.

135. Plaintiff and Class members have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

136. As a result of its deception, Defendant has been able to reap unjust revenue and profit.

137. Plaintiff, on behalf of himself, all others similarly situated, and the general public, provided reasonable notice to Defendants of the claims alleged herein. Specifically, Plaintiff sent a notice letter dated May 15, 2024, to Defendant Evig LLC d/b/a Balance of Nature and a notice letter dated May 30, 2024, to Defendant Dr. Douglas Howard. Defendants have not provided the relief requested.

138. Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks damages as a result of Defendant's unlawful conduct.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

    a. Certifying the Class as requested herein;

    b. An award of Plaintiff's and the class's damages; or

c.   Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members as unjust enrichment;

d.   Awarding attorneys' fees and costs; and

e.   Providing such further relief as may be just and proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated: September 22, 2025

**HART MCLAUGHLIN & ELDRIDGE**

By: */s/ Stewart M. Weltman*
   Steven A. Hart, Esq.
   Stewart M. Weltman, Esq.
   One South Dearborn, Suite 1400
   Chicago, Illinois 60603
   (312) 955-0545 (ofc)
   shart@hmelegal.com
   sweltman@hmelegal.com

**LEVIN SEDRAN & BERMAN LLP**

By: */s/ Charles E. Schaffer*
   Charles E. Schaffer, Esq. *(pro hac vice)*
   510 Walnut St., Ste. 500
   Philadelphia, PA 19106
   (215) 592-1500 (ofc)
   cschaffer@lfsblaw.com

**CUNEO GILBERT & LADUCA, LLP**

By: */s/ Charles LaDuca*
   Charles LaDuca, Esq. *(pro hac vice)*
   4725 Wisconsin Ave., NW, Ste. 200
   Washington, D.C. 20016
   (202) 789-3960 (ofc)
   charles@cuneolaw.com

**AUDET & PARTNERS LLP**

By: */s/ Michael McShane*
   Michael McShane, Esq. *(pro hac vice)*
   711 Van Ness Ave., Ste. 500

30

San Francisco, CA 94102
(415) 568-2555 (ofc)
mmcshane@audetlaw.com

***Attorneys for Plaintiffs***